UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WALTER HAVVARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:16-cv-94-WTL-DKL ) |
| MARION COUNTY SHERIFF DEPARTMENT, COREY McGRIFF, | ) ) ) ) |
| Defendants. | ) |

**Entry Granting Motion to Proceed *In Forma Pauperis*
and Show Cause Order**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**. He shall have **through April 15, 2016**, to pay the sum of Eighteen Dollars and Sixteen Cents ($18.16) to the clerk.

**II.**

**A. Screening**

Plaintiff Walter Havvard filed a civil rights complaint on March 14, 2016, alleging that his federal and state rights were violated by the defendants when he was arrested pursuant to a search warrant in 2013 when the defendants allegedly confiscated a gold chain. Approximately two and ½ years later, the defendants returned $900.00 to the plaintiff rather than the gold chain.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim,

the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). The plaintiff brings this action against the following defendants: 1) Marion County Sheriff, and; 2) Corey McGriff.

      The plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983, and state law. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481,

489-90 (7th Cir. 1997). The claims the Court discerns is a Fourth Amendment claim and a state law tort claim. He seeks monetary relief.

### B. Insufficient Claims

First, the Marion County Sheriff Department is not a "person" subject to suit under § 1983. Any claim against the Marion County Sheriff Department is **dismissed**. In Indiana, municipal police departments "are not suable entities." *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

Second, the plaintiff alleges no personal participation in any wrongdoing on the part of defendant Corey McGriff. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'") (*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)). Accordingly, he has failed to state a claim upon which relief can be granted against this defendant. Corey McGriff is **dismissed** as a defendant for failure to state a claim.

Third, to the extent the plaintiff's claim could be understood to allege a claim for an unreasonable seizure of his property, this fails to state a claim for two reasons. The plaintiff states in the complaint that when he filed a legal claim for the necklace, he received $900.00 from the defendants. As such, the plaintiff had an adequate post-deprivation remedy. *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Because the plaintiff has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* 2008 WL

4371342, *3 (S.D. Ind. 2008). Additionally, according to the complaint, this cause of action arose on July 18, 2013. This complaint was filed on March 14, 2016, well after the expiration of Indiana's 2-year statute of limitations. *See Martin v. Heuer,* 483 F. App'x 287, 289 (7th Cir. 2012). "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

Finally, the foregoing resolves the plaintiff's federal claim in the case. This Court's jurisdiction over his pendent claims under Indiana law is conferred by 28 U.S.C. § 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998).

The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The general rule will be followed here,

and application of this rule dictates that the pendent state law claim be dismissed for lack of jurisdiction.

Although the requirements of notice pleading are minimal, when a plaintiff pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court. *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

The plaintiff shall have through **April 18, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED**.

Date:  3/17/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Walter Havvard, #108075
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old Hwy 41
P.O. Box 1111
Carlisle, IN 47838